UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANN BARLOW,

       Plaintiff,                                         Case No. 07-13981

v.                                                     Honorable John Corbett O'Meara

EDWARD C. ADAMS and K. L. HARRING,

       Defendants.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' FEBRUARY 10, 2009 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendants Edward C. Adams and K. L. Harring's February 10, 2009 motion for summary judgment. Plaintiff Suzann Barlow filed a response March 3, 2009; and Defendant filed a reply March 11, 2009. Oral argument was heard April 30, 2009. The parties supplemented their arguments with exhibits on May 1 and 8, 2009.

**BACKGROUND FACTS**

This is a suit for damages following a motor vehicle accident in Port Huron, Michigan, on October 4, 2005. A semi-truck owned by defendant K.L. Harring and operated by defendant Edward Adams struck the pickup truck owned by plaintiff Suzann Barlow. Plaintiff was a passenger in the pickup truck, which was being driven by her granddaughter. Barlow, who was 54 years old at the time of the accident, has alleged various injuries caused by the accident, although in her final deposition she reduced her claims to the following: closed head injury, depression, and neck and back injuries. Defendants seek summary judgment, claiming that Plaintiff has failed to show that she suffered a serious impairment of body function as a result of the accident.

**LAW AND ANALYSIS**

In order to maintain an action for non-economic tort damages under Michigan's No-Fault Act, the plaintiff must show that he or she has sustained injuries that amount to a "serious impairment of body function" as defined by Mich. Comp. Laws Ann. § 500.3135, and Michigan case law, including Kreiner v. Fischer, 471 Mich. 109 (2004). The issue of whether a person has suffered a threshold injury is one for the court as a question of law. Mich. Comp. Laws Ann. § 500.3135(2)(a).

The statute defines the threshold injury element as follows:

> As used in this section, 'serious impairment of body function' means an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life.

Mich. Comp. Laws Ann. § 500.3135(7).

Determining whether the impairment affects a plaintiff's "general ability" to lead a normal life requires considering whether the plaintiff is, "for the most part," able to lead a normal life. Kreiner at 130. In addition, to "lead" one's normal life contemplates more than a minor interruption in life. The objectively manifested impairment of an important body function must affect the course of a person's life. Therefore, the effect of the impairment on the course of a plaintiff's entire normal life must be considered. Although some aspects of a plaintiff's entire normal life may be interrupted by the impairment, if, despite those impairments, the course or trajectory of the plaintiff's normal life has not been affected, the plaintiff's "general ability" to lead her normal life has not been affected; and she does not meet the "serious impairment of body function" threshold. Id. At 130-31.

The starting point of the analysis should be identifying how the plaintiff's life has been affected, by how much, and for how long. Specific activities should be examined with an understanding that not all activities have the same significance in a person's overall life. Also,

minor changes in how a person performs a specific activity may not change the fact that the person may still "generally" be able to perform that activity. Id. at 131.

The Michigan Supreme Court has articulated several principles that courts must consider in determining whether a plaintiff who alleges serious impairment of body function as a result of a motor vehicle accident meets the statutory threshold for third-party tort recovery. Id. First, a court must determine that there is no factual dispute concerning the nature and extent of the plaintiff's injuries, or if there is a factual dispute, that it is not material to the determination of whether the person has suffered impairment of body function. Mich. Comp. Laws Ann. §§ 500.3135(2)(a)(I) and (ii); Kreiner at 131-32.

Second, if a court can decide the issue as a matter of law, it must next determine if an "important body function" of the plaintiff has been impaired. It is insufficient if the impairment is of an unimportant body function. It is also insufficient if an important body function has been injured but not impaired. If a court finds that an important body function has been impaired, it must then determine if the impairment is objectively manifested. Subjective complaints that are not medically documented are insufficient. Kreiner at 132.

If the court finds that an important body function has been impaired and that the impairment is objectively manifested, it then must determine if the impairment affects the plaintiff's general ability to lead a normal life. Id. at 132-33.

The following list of objective factors may be used in evaluating whether a plaintiff's general ability to conduct the course of his or her normal life has been affected: a) the nature and extent of the impairment; b) the type and length of treatment required; c) the duration of the impairment; d) the extent of any residual impairment; and e) the prognosis for eventual recovery. Id. at 133.

For purposes of this motion only, Defendants concede that Plaintiff's alleged neck/back injuries, closed head injury, and depression/psychiatric injuries constitute an impairment of an important body function that was objectively manifested. Therefore, the only issue before the court is whether the impairment affected Plaintiff's general ability to lead *her* normal life.

Plaintiff had not been employed for at least two and half years prior to the car accident. Although Plaintiff claims that she continued to attempt to apply for jobs until the October 4, 2005 accident, at her deposition she could not recall any places she applied for work. Plaintiff's dep. Ex. C. at 223-24; Ex. D. at 365-67. Contrary to her wage loss claims in this case, Plaintiff did not make a claim for lost wages in her first-party, no-fault cause of action against her insurance carrier, State Farm Insurance, for this accident. Ex. E. at 55. At the time of Plaintiff's last deposition, she was living independently in her apartment in St. Clair. She is able to ambulate without assistance and is able to operate a motor vehicle.

With respect to her alleged closed head injury, Defendants note that Plaintiff "was self-diagnosed with life long dyslexia." Defendants' mot. br. at 17. Defendants further assert that as far back as high school, "Plaintiff's mental and cognitive abilities were measured to be significantly impaired." Id. at 17-18.

As for her alleged depression, Plaintiff suffered from ongoing depression both prior to and following the accident. Sources of her ongoing depression, wholly unrelated to the accident, include her daughter's ongoing health problems and the recent death of her father. Plaintiff, though, claims that none of these contributed to her current mental state, implying that the biggest event in her life was the car accident.

Plaintiff claims that her accident-related injuries have restricted her from continuing certain activities she enjoyed prior to the accident, including golf, dancing and boating. While Plaintiff claims she is now unable to enjoy boating as the result of her injuries, at her deposition Plaintiff admitted that she never boated prior to the auto accident. While she claims that her alleged injuries now prevent her from dancing, she failed to name any locations where she had danced prior to the accident. Plaintiff claims that she used to dance all the time and used to swim but does not do so now because she has black and blue marks and veins sticking out. While Plaintiff claims that she is no longer able to golf, at her deposition she admitted that she does not own golf clubs, did not know what a golf handicap was to express what her handicap might me, and could not provide the names of any golf courses on which she had golfed.

In this case the court finds that Plaintiff's alleged injuries have not affected her general ability to lead her normal life. As was true prior to the accident, Plaintiff lives independently and is able to ambulate without assistance and drive without restriction. To this date, she continues to enjoy the activities she enjoyed prior to the accident: going to the movies, shopping, and watching her grandchildren.

Upon review of Plaintiff's deposition transcripts, the medical records, and the medical examinations conducted of Plaintiff, she has not suffered a serious impairment of body function as a result of her alleged accident-related injuries. Though she may have suffered some bumps and bruises, there is no objective evidence to show that Plaintiff is entitled to non-economic damages in this case.

**ORDER**

It is hereby **ORDERED** that defendants Edward C. Adams and K. L. Harring's February 10, 2009 motion for summary judgment is **GRANTED.**

                              s/John Corbett O'Meara
                              United States District Judge

Date:  May 15, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 15, 2009, by electronic and/or ordinary mail.

                              s/William Barkholz
                              Case Manager